ESTATE OF K. THREEFOOT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 521. Promulgated December 9, 1927.

*C. R. McAtee, Esq.,* for the petitioner.
*J. W. Fisher, Esq.,* for the respondent.

OPINION.

LANSDON: K. Threefoot was a business man interested in large operations. His membership in the partnership of Threefoot Brothers & Co. was only one of the many activities in which he was engaged. Outside of the partnership he had large property interests that required his attention. At the beginning of the taxable year he employed his two sons to assist him in his business. The sons relieved him from many of the burdensome details for which he was responsible in the operation of Threefoot Brothers & Co. They looked after his outside affairs. They were 29 and 24 years of age respectively, were well educated, and each had already had several years of business experience. There is nothing in the record that throws the slightest shadow of doubt on the ability or the efficiency of either. The salaries which K. Threefoot paid his two sons in the taxable year were ordinary and necessary expenses incident to the conduct of his business, and are a proper deduction, for income-tax purposes, from his gross income for such year.

A matter of accounting is involved here. The salaries received by the sons were paid by the partnership and charged to the partnership account of K. Threefoot in the taxable year. On the books of the partnership this procedure appeared to reduce K. Threefoot's share of the distributable net earnings for such year in the amount of $12,000, and it was so reported in the personal income-tax return of said Threefoot. The respondent properly added said amount to the K. Threefoot share of the distributable net income of the petitioner. He was in error in not permitting its deduction from the petitioner's gross income as an ordinary and necessary expense. *Goldsmith* v. *Commissioner*, 7 B. T. A. 151; *LeBlanc* v. *Commissioner*, 7 B. T. A. 256.

As we have found that the amount of $12,000 is deductible from the petitioner's gross income for the taxable year as business expense, the deficiency is probably entirely eliminated. We are convinced that there were reasonable causes for the delay in filing the complete return. The 25 per cent penalty for delinquency should not be imposed.

*Judgment will be entered on 10 days' notice, under Rule 50.*

Considered by GREEN and ARUNDELL.